Opinion of the Court, by
IIoksbloweb, C. J.
By a rule of practice of the Common Pleas of Burlington, (which may be seen at large in the case cited by the counsel) it was necessary for the appellant or his counsel on the coming in of the appeal, to move for a rule that the appeal be entered: and it directs, that if such rulo be not applied for, made and entered, on the minutes of the court, the appeal shall be deemed and taken to be out of court, without any further or other rule for that purpose. Upon the coming in of this appeal, the counsel for the appellant moved for such rule, and it was ordered : whereupon the counsel, as he alleges, handed the appeal papers to the clerk, and requested him to enter the rule on the minutes, which he promised to do. The clerk, however, neglected to make such entry, and when he came to make out the list of appeals, finding this one not entered upon the m.inules, he indorsed on the back of the papers, “ not entered,” and consequently the court would not hear the appeal, considering it as out of court, by force of the said rule of practice; and refused, upon the statement of these facts, to restore it.
It is true, the facts, as above stated, are not verified by affidavit, nor fully admitted by the appellee; but the late clerk of the court of Common Pleas, who is now of counsel for the appellee, does admit here in court, that the counsel for the appellant did at that time, ask or direct him to enter such a rule in the case of an appeal, and that he promised to do so ; but says, be cannot remember what appeal it was. The inference however, that it was this appeal is very strong, from the fact, that it is marked in the handwriting of the clerk, as received and filed by him on that day ; and there is no allegation or pretence, that the counsel for *178 this appellant had any other appeal filed or entered at that term. Under these circumstances, we think the court of Common Pleas ought to have restored this appeal, and directed a rule for its entry on the minutes, nunc pro tunc. It was notan application -to the court of Common Pleas, for a favor; it was matter of right. The appellant was in no default. He had done all he was bound to do. He had moved for the rule in open court, and when granted he requested or directed the clerk to enter it, and handed him the papers for that purpose. True, the counsel for the appellant might, if he had access to the minutes, have entered the rule himself, as is usually doné. But he was not bound to do it. This case is not like that of Wells v. Stackhouse, 2 Harr. R. 356. There the laches were all on the part of the appellant, and he offered no excuse for neglecting to enter the rule, but his own forgetfulness. But in that case, the court say, “ it would have been the duty of the clerk” to have entered the rule, if the attorney had specially requested him to do so, and had furnished him with the materials, or a proper memorandum, to enable him to enter the rule.” This was actually done in the present case; or at least, we think there is sufficient evidence, that such was the fact. The clerk may no doubt refuse to enter a rule, unless the party applying for it, will draw it up, and give him the draft or a copy : but if the clerk undertakes to do it, his neglect should not be visited on the party. Buies of practice are intended to facilitate and promote the administration of justice, and they should be observed in good faith: but they ought not, and especially when, as in this case, they are merely directory and for the convenience of the court, to be turned into nets of form, to defeat the ends of justice: and above all, when the omission to comply with such rules is chargeable, or most probably chargeable to the neglect of their own officer.
We think therefore, the mandamus ought to issue.